IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS R. JONES,** | : | |
| **Plaintiff,** | : | **CIVIL NO. 1:CV-04-1578** |
| | : | |
| v. | : | **(Judge Kane)** |
| | : | |
| **UNITED STATES PAROLE COMMISSION,** | : | |
| **Defendant.** | : | |

## **MEMORANDUM and ORDER**

### **I. Introduction**

Thomas Jones, an inmate at the Allenwood Low Security Correctional Institution in White Deer, Pennsylvania, commenced this pro se action with a complaint (Doc. 1) under the Privacy Act, 5 U.S.C. § 552a. Named as Defendant is the United States Parole Commission. The complaint alleges that Defendant violated "the 'Privacy Act' . . . by the Commission using inaccurate, incomplete records (information) in making a determination of the appellant's parole eligibility, and a determination when the appellant should be scheduled for a rehearing, which lead (sic) to an adverse determination which the appellant has been aggrieved by." (Doc. 1, p. 2). For relief, Plaintiff seeks monetary damages in the amount of $650,000.00. This matter comes before the Court on the Defendant's motion to dismiss or, in the alternative, for summary judgment (Doc. 15). The motion has been fully briefed, and it is ripe for disposition. For the reasons set forth below, Defendant's motion to dismiss will be granted.

### **II. Background**

The facts are not in dispute. On August 13, 1997, Plaintiff was sentenced by the District of Columbia Superior Court to a term of eight (8) to twenty-four (24) years imprisonment for second degree murder. Thereafter, Plaintiff was considered for parole in an initial parole hearing on April 4, 2000. At his hearing,

Plaintiff was denied parole, and he was set for a rehearing in sixty (60) months, constituting a departure from the guideline range of eighteen (18) to twenty-four (24) months. Plaintiff claims that the guideline departure was based upon incorrect information contained in the presentence report ("PSR") prepared by Defendant, and he seeks monetary damages for the allegedly improper guideline departure. Defendant claims that the complaint should be dismissed as untimely. The Court agrees.[1]

### III. Discussion

#### A. Motion to Dismiss Standard

In rendering a decision on a motion to dismiss, the Court must accept the Plaintiff's allegations as true. White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). A motion to dismiss may only be granted if there is no reasonable reading of the facts that would entitle Plaintiff to relief. Lum v. Bank of America, 361 F.3d 217, 223 (3d Cir. 2004). The Court should consider the allegations in the complaint, the exhibits attached thereto, matters of public record, and "undisputedly authentic" documents. See Angstadt v. Midd-West School Dist., 377 F.3d 338, 342 (3d Cir. 2004); Pension Guar. Corp. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. Grayson v. Mayview State Hospital, 293 F.3d 103, 106 (3d Cir. 2002). Nevertheless, the Court is mindful that pro se complaints should be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972).

---

1. Even if the complaint had been timely filed, it is unlikely that Plaintiff would prevail on the merits. In order to recover monetary damages, Plaintiff must demonstrate that Defendant maintained inaccurate records and it did so intentionally or wilfully. Toolasprashad v. Bureau of Prisons, 286 F.3d 576, 583 (D.C.Cir. 2002). No allegation of intent is present in the case, and the record is insufficient to meet this burden to survive the summary judgment motion.

2

### B. Statute of Limitations

Defendant argues that Plaintiff's complaint should be dismissed because it is barred by the applicable statute of limitations. The statute of limitations for a Privacy Act claim is set forth in § 552a(g)(5). Section 552a(g)(5) states, in relevant part, that "an action to enforce any liability created under this section may be brought . . . two years from the date on which the cause of action arises." Plaintiff's complaint was filed on July 19, 2004. Attached to the complaint is a copy of an undated letter from Plaintiff to Case Services Deputy Administrator, Mrs. Helen Herman (Doc. 1, Ex. 2(a)). In the correspondence, Plaintiff is asking reconsideration of a determination from Mrs. Herman, dated April 15, 2002, denying Plaintiff's request to reopen his parole review. Plaintiff states "I beg to differ from the [denial of my request to reopen] . . . in that the reason that the Commission denied me parole, and went outside of the guidelines are (sic) based on information which is inaccurate." (Id. at 1.) Thus, it is clear that Plaintiff was aware that the allegedly inaccurate PSR was used by the Defendant to go outside the guidelines prior to April 15, 2002.

Moreover, Plaintiff states that "[t]he first time [he] was made aware that the offense description outlined in the [PSR] was used . . . to take the plaintiff above [the guidelines] was when the plaintiff filed the motion for habeas corpus on 12-20-2000 . . . ." (Doc. 21 at 6.) Therefore, Plaintiff confirms that he learned of his claim in or around December of 2000, three and a half years before the complaint was filed. The complaint and the documents attached reveal that Plaintiff was aware of the allegedly inaccurate information used as a basis for exceeding the guidelines more than two years before this case was filed. Accordingly, Plaintiff's claim is barred by the Privacy Act's statute of limitations, and Defendant's motion to dismiss will be granted. An appropriate order follows.

### IV. Order

3

**AND NOW, THIS 15th DAY OF SEPTEMBER, 2005,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1. Defendant's motion to dismiss (Doc. 15) Plaintiff's complaint is **GRANTED**.

2. The Clerk of Court is directed to enter judgment in favor of Defendant and against Plaintiff.

3. The Clerk of Court shall close this case.

4. Any appeal from this Order will be deemed frivolous, without good cause, and not taken in good faith.

    S/ Yvette Kane
    YVETTE KANE
    United States District Judge